UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Prairie Wild Enterprises Inc.

  Bky. No. 09-34220
  Chapter 11 case

Debtor.

**NOTICE OF HEARING(S) AND MOTION(S) FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND FOR EXPEDITED HEARING ON INTERIM   ORDER**

TO:  United States Trustee, and all other parties in interest, as specified in Local Rule 9013-3.

**COMES NOW,** Prairie Wild Enterprises Inc., ("Debtor"), and, by and through its undersigned attorney, brings the instant Motions, and gives notice herewith.

## *PRELIMINARY HEARING*

1. The Court will hold a hearing on this *Preliminary Motion for Expedited Relief*  before Judge Robert J. Kressel, at 10:00 AM, or as soon thereafter as counsel may be heard, on Thursday, June 25, 2009,  in Courtroom 8 West,  U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

2. Any response to the *preliminary motion* for expedited relief must be filed and delivered not later than the time set forth for that hearing.

## *FINAL HEARING*

3. A *final hearing* on the Debtor's motion for the use of cash collateral is set for 9:30 AM, on July 15, 2009, at 9:30AM in the same location.

4. Any response to the motion for a *final* order authorizing the use of cash collateral must be filed and delivered not later than three business days before the date and time of the hearing, or

filed and served by mail not later than seven (7) business days before the date set for the final hearing.

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED WITHOUT A HEARING IN ACCORDANCE WITH LOCAL RULE 9013-2(f).**

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 1070-1. This is a core proceeding. The voluntary Petition commencing this case was filed on June 18, 2009, the ("Filing Date"). This case is now pending in this Court.

6. This Motion arises under 11 U.S.C. §363(c)(2), and Bankruptcy Rules 2002, 4001(b) and 9014. This motion is filed under Local Rules 2002-1, 2002-4(a), 4001-1, 4001-2, 9013-1, 9013-2, and 9013-3.

7. Debtor requests an order of this court authorizing its use of cash collateral on an expedited and interim basis, in order to continue to operate its business. Without the use of such funds, Debtor will not be able to meet its payroll obligations or pay its necessary operating expenses; therefore its stakeholders, including all creditors will be irreparably harmed.

8. By these motions, Debtor requests authorization to use cash collateral, on an interim basis through July 15, 2009 . At the final hearing on the motion to use cash collateral, Debtor seeks authorization to use cash collateral through September 28, 2009.

9. In the event that a stipulation is reached prior to either the expedited hearing or the final hearing, the Debtor will seek approval of the stipulation without further notice or hearing pursuant

to Bankruptcy Rule 4001(d)(4), and **DEBTOR HEREBY GIVES NOTICE OF INTENT TO SEEK APPROVAL OF ANY SUCH STIPULATION.**

### Facts Regarding Secured Creditors

10**.** The Debtor's assets and inventory are subject to certain promissory notes in favor of Co-Op Credit Union of Montevideo ("Co-Op") that encumbers all assets and inventory of the Debtor in the form of a "blanket" security interest. The above mentioned promissory notes were reduced to a judgment, docketed on June 12, 2009, by Co-Op. The judgment encumbers all of the Debtor's assets, in favor of Co-Op. It is believed at this time that the foregoing is the only secured creditor. Co-Op is owed approximately $678,000.00.

### Facts Regarding Collateral Values and Cash Needs

11. The president of the Debtor has prepared an Unsworn Declaration (the "Debtor's Declaration"). A copy of the Debtor's Declaration is attached hereto as Exhibit A. Exhibits 1, and 2, and 3A and B, attached thereto, contain the following information:

(a) the Debtor's calculation of the amount of debt secured by the collateral; (Exhibit 1);

(b) the Debtor's description of the collateral and estimate of the value of the collateral on the date of the filing of the Petition and the beginning of the period of time for which the debtor currently seeks authorization to use cash collateral; (Exhibit 2);

(c) the Debtor's description of the collateral and the value of the collateral at the end of the period of time for which the debtor currently seeks authorization to use cash collateral; (Exhibit 2); and

(d) the Debtor's cash flow projections. (Exhibit 3 A and B).

13. The Debtor's cash needs for the immediate 21 day period are set forth on Exhibit 2, attached to the Debtor's Declaration. Only those items and expenditures that are necessary to avoid immediate and irreparable harm to the estate are set forth on Exhibit 2.

12. The Debtor's cash needs for the exclusivity period are set forth on Exhibit 3 A and B to the Debtor's Declaration. Debtor has also attached Exhibit 3-C, setting forth a pro-forma budget through the end of September, 2009.

13. The Debtor needs the use of the cash collateral to meet its operating expenses.

14. The Debtor will suffer immediate and irreparable harm if it is unable to use cash collateral. For example, if the Debtor is unable to pay wages, acquire inventory and repair parts and supplies, the Debtor is effectively shut down. Accordingly, Debtor requests that this matter be heard on an expedited basis.

## Offer of Adequate Protection

15. Debtor offers to Co-Op, (the "Secured Creditor") as and for adequate protection, the following:

> a. A grant of replacement liens in cash collateral, to the extent actually used, in post petition created assets having the same order, dignity and priority as any such pre-petition filed lien;
>
> b. Debtor will further adequately protect the interests of the Secured Creditor by continuing insurance coverage for all assets; and
>
> c. Debtor will further adequately protect the interests of the Secured Creditor by continuing operations and generating replacement cash collateral.

18. This Motion is based on the Debtor's Declaration, and is accompanied by a proposed order, memorandum and proof of service.

19. Pursuant to Local Rule 9013-2, Debtor hereby gives notice that it may, if necessary call Mr. Jon Mohn, President of the Debtor, whose business address is 3873 Lyon Yellow Medicine Road, Cottonwood, MN 56229, to testify regarding the facts relevant to this motion.

**WHEREFORE**, Debtor moves this court for its Order:

(a) Granting the Debtor's motion for an expedited hearing;

(b) Authorizing Debtor's interim use of cash collateral pending final hearing;

(c) Authorizing the use of cash collateral; and

(d) Granting such other and further relief as the court deems just and proper.

Dated: June 22, 2009                By: */e/ James T. Anderson*

Law Office of James T. Anderson
James T. Anderson
Attorney Regis. No.: 0388199
17736 Excelsior Boulevard
Minnetonka, Minnesota 55345
Telephone: (952) 356-6470
Facsimile: (952) 223-6348

**Attorneys for Prairie Wild Enterprises, Inc.**

## VERIFICATION

    I, Jon Mohn, President of the Debtor herein, declare under penalty of perjury that the facts contained in the foregoing Notice of Hearing and Motion(s) for Expedited Hearing; for Order Authorizing Interim Use of Cash Collateral pending Final Hearing; and for Order Authorizing Use of Cash Collateral are true and correct, to the best of my knowledge, information and belief.

Dated: June 22, 2009

                                                          Jon Mohn

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Prairie Wild Enterprises Inc.

Bky. No. 09-34220
Chapter 11 case

Debtor.

**UNSWORN DECLARATION OF DEBTOR**

1. I am the president of the Debtor in the above referenced bankruptcy case. I make this unsworn declaration in support of the Debtor's motion for expedited hearing; for order authorizing interim use of cash collateral pending final hearing; and for order authorizing use of cash collateral ("Motion").

2. I am familiar with debtor's assets, debts and operations. The Debtor's assets and inventory are secured by a "blanket" security interest and judgment in favor of Co-Op. Co-Op is owed approximately $678,000.00.

3. I have prepared on behalf of the Debtor, and hereby submit the following information:

    a. Debtor's calculation of the amount of debt secured by the collateral; (Exh. 1).

    b. Debtor's description of the collateral, and the value of the collateral on the date of the filing of the petition and the beginning of the period of time for which the debtor seeks authorization to use cash collateral; (Exh. 2).

    c. Debtor's description of the collateral and the value of the collateral at the end of the period of time for which the Debtor currently seeks authorization to use cash collateral, (Exh. 2), and,

1

    d. Debtor's cash flow projections. (Exh. 3, A-B)

4. Debtor needs the use of cash collateral to meet its normal operating expenses.

5. For the 21 day interim period, the Debtor requires cash for the items and in the amount specified on the attached Exhibit 3-A. Exhibit 3-A contains only those items and those amounts as are necessary to avoid immediate and irreparable harm on the estate, pending a final hearing.

6. For the period commencing after the 21 day interim period, the Debtor requires cash for the items and in the amount specified in the Debtor's cash flow projections attached hereto as Exhibit 3-B.

7. Debtor's bankruptcy estate will suffer immediate and irreparable harm if the debtor is unable to use cash collateral.

8. Debtor proposes to adequately protect the interests of Co-Op with post petition liens on its post petition accounts receivable, and inventory, to the extent of its actual use of cash collateral, and such liens will have the same effect, dignity and priority as their pre-petition liens..

9. Debtor also proposes to adequately protect the interests of Co-Op by continuing to carry insurance on the collateral, and by continuing its operations and generating replacement cash collateral.

10. Debtor believes that the interests of Co-Op are adequately protected because the value of the inventory and accounts receivable will increase as the Debtor continues to operate, and generate replacement cash collateral and to effectively reorganize its business affairs.

11. I declare the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: June 22, 2009

                                                        _____
                                                        Jon Mohn
                                                        Prairie Wild Enterprises Inc.

**PRAIRIE WILD ENTERPRISES INC.,**

**BKY. NO.: 09-34220**

**Exhibit 1, Amount of debt secured by the collateral**

---

Secured Debts.

    A. Co-Op Credit Union of Montevideo    $678,000.00

Total of all secured debts claiming an interest in cash collateral    **$678,000.00**

Prairie Wild Enterprises Inc

Exhibit 2, Description of collateral and values on date of filing and beginning of use of cash collateral and at end of cash collateral period

| Asset | Value as of Filing Date (Same as Beginning of Use of Cash Collateral) | Value as of End of 21 days (July 15, 2009) | Value as of End of Cash Collateral Period (Sept. 28, 2009) |
|---|---|---|---|
| 1 Current Assets | | | |
| Cash on Hand | $ 500.00 | $ 500.00 | $ 500.00 |
| Bank Accounts | $ 5,000.00 | $ 14,284.96 | $ (15,801.01) |
| Account Recievable | $ 48,000.00 | $ 48,000.00 | $ 48,000.00 |
| Total Current Assets: | $ 53,500.00 | $ 62,784.96 | $ 32,698.99 |
| 2. Property and Equipment | | | |
| Inventory | $ 360,000.00 | $ 331,432.00 | $ 315,327.00 |
| Vehicles and equipment | $ 534,300.00 | $ 534,300.00 | $ 534,300.00 |
| Office Equipment | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 |
| Tools | $ 20,000.00 | $ 20,000.00 | $ 20,000.00 |
| Total Property and Equipment | $ 929,300.00 | $ 900,732.00 | $ 884,627.00 |
| Total Assets | $ 982,800.00 | $ 963,516.96 | $ 917,325.99 |

# Prairie Wild Enterprises Inc

### Exhibit 3-A, STATEMENT OF PROJECTED CASH FLOWS BASED ON PREVIOUS YEARS (2008-2009)
### (Initial Period of Use of Cash Collateral)

|  | June 19 - 30 | July 1-31 | Aug 1 - 31 |
|---|---|---|---|
| **RECEIPTS** | | | |
| Beginning Cash Balance | $ 5,000.00 | $ 8,825.00 | $ 10,294.92 |
| Gross Profit | $ 10,000.00 | $ 22,569.92 | $ 12,172.95 |
| Total Cash Available | $ 15,000.00 | $ 31,394.92 | $ 22,467.87 |
| **DISBURSEMENTS:** | | | |
| Utilities | $ 300.00 | $ 1,200.00 | $ 1,200.00 |
| Insurance | $ 1,250.00 | $ 5,000.00 | $ 5,000.00 |
| Payroll Taxes | $ 625.00 | $ 2,500.00 | $ 2,500.00 |
| Employee Wages | $ 1,425.00 | $ 5,700.00 | $ 5,700.00 |
| Contract Labor | $ 550.00 | $ 2,200.00 | $ 2,200.00 |
| Rent - Equipment | $ 750.00 | $ 3,000.00 | $ 3,000.00 |
| Advertising | $  - | $  - | $  - |
| Diesel | $ 525.00 | $ 500.00 | $ 500.00 |
| Seed | $ 750.00 | $ 1,000.00 | $ 1,000.00 |
| TOTAL EXPENSES | $ 6,175.00 | $ 21,100.00 | $ 21,100.00 |
| **PROFIT/LOSS** | $ 8,825.00 | $ 10,294.92 | $ 1,367.87 |

# Prairie Wild Enterprises Inc

Exhibit 3-B, STATEMENT OF PROJECTED CASH FLOWS BASED ON PREVIOUS YEARS (2008-2009)
(Proceeding to the end of Requested Cash Collateral Period)

|  | Sept. 1-28 |
|---|---|
| **RECEIPTS** | |
| Beginning Cash Balance | $ 1,367.87 |
| Gross Profit | $ 3,931.12 |
| Total Cash Available | $ 5,298.99 |
| **DISBURSEMENTS:** | |
| Utilities | $ 1,200.00 |
| Insurance | $ 5,000.00 |
| Payroll Taxes | $ 2,500.00 |
| Employee Wages | $ 5,700.00 |
| Contract Labor | $ 2,200.00 |
| Rent - Equipment | $ 3,000.00 |
| Advertising | $ - |
| Diesel | $ 500.00 |
| Seed | $ 1,000.00 |
| TOTAL EXPENSES | $ 21,100.00 |
| **PROFIT/LOSS** | $ (15,801.01) |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:   Prairie Wild Enterprises Inc.

                                                  Bky. No. 09-34220
                                                  Chapter 11 case

            Debtor.

## MEMORANDUM OF LAW

Prairie Wild Enterprises Inc., ("Debtor") submits this Memorandum of Law in support of its Motion(s) for Expedited Hearing; for Order Authorizing Interim Use of Cash Collateral pending Final Hearing; and for Order Authorizing use of Cash Collateral.

### *STATEMENT OF FACTS*

The Debtor relies on the statement of facts contained in the motion and in the Unsworn Declaration of Debtor ("Debtor's Declaration"), and incorporates the same herewith

### *STATEMENT OF LAW AND DISCUSSION*

#### A. Expedited Hearing

Bankruptcy Rule 9006 (d) provides that a written motion and notice of any hearing shall be served not later than five days before the time specified for such hearing.  Local Rule 9006-1(a) provides that moving papers shall be delivered not later than ten days, including weekends and legal holidays, or mailed not later than fourteen days before the hearing date.

Bankruptcy rule 4001(b) provides that a motion for authorization to use cash collateral shall be made in accordance with Bankruptcy Rule 9014.  Bankruptcy Rule 4001(b)(2) provides that the court may commence a final hearing on a motion for authorization use of cash collateral

1

delayed no earlier than 15 days after service of the motion, but that if the motion so requests, the court may conduct a preliminary hearing before such fifteen days expires.   Rule 4001(b)(2) further provides that the court may authorize the use only of that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Bankruptcy rule 9006(c) provides that the court, for cause shown may order a notice period reduced.   Local Rule 9006-1(d) provides that if expedited relief is necessary, the party shall request an expedited hearing and shall take all reasonable steps to provide all parties with the most expeditious service and notice that is possible, and shall file an affidavit specifying the efforts made.

Cause exists to grant Debtor an expedited hearing on the motion.   The cause for granting an expedited hearing includes the factors and considerations discussed herein.   Debtors bankruptcy estate will suffer immediate and irreparable harm if it is unable to use cash collateral.  Debtor requires the immediate use of cash to keep its business functioning until a final order authorizing use of cash collateral and granting of adequate protection to its secured creditor in order to avoid irreparable harm to its business.

### B. Cash Collateral

Section 363(c)(2) of the Bankruptcy Code provides that a debtor in possession may use cash collateral only with the secured creditor's consent, or if the court, after notice and a hearing so orders.   Section 363(b) of the Bankruptcy Code further provides that the court must provide secured creditor with adequate protection of its interest, upon request of that creditor.   The 8th Circuit Court of Appeals has reasoned that:

> In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditors value resulting from the debtors request for use of cash collateral, and (3) determine whether the debtors adequate protection proposal protects values as nearly is possible against risks to that value consistent with the concept of idubitable equivalence.

*In re Martin,* 761 F.2d 472, 476-77 (8th Cir. 1985).

Pursuant to *Martin*, the first step is determining the value of the respective interests in the cash collateral of the secured creditors. Debtor has one secured creditor, Co-Op Credit Union of Montevideo ("Co-Op"), the "Secured Creditor". Co-Op has a claim for approximately $678,000.00. Debtor estimates that the value of its assets is approximately $982,800.00.

Under the Martin analysis, the second consideration is an analysis of the risk to the secured creditors interests in the cash collateral resulting from Debtor's use of that collateral. The most apparent risk in this case is that Debtor's use of cash collateral will not generate sufficient post petition collateral to replace the collateral so used. The Debtor has set forth in the Debtors Declaration how the value of the assets will change, if at all, between the filing date and the date through which debtors seeks authorization to use the cash collateral. The Debtor has further set forth in the Debtors Declaration the debtors cash flow projections detailing the debtors projections, the collateral position of the Secured Creditor does not adversely change in a material way during the period of the proposed use of cash collateral.

The third analysis to be undertaken, pursuant to the Martin analysis, is to determine whether Debtor's offer of adequate protection protects, to the extent possible, the interests of the

secured creditors claims to the cash collateral. The Debtor offers the Secured Creditor as adequate protection of its claims, (a) a post petition lien on the Debtors post petition accounts receivable and inventory to the extent of the Debtors use of such collateral. Such replacement liens will have the same dignity, priority and effect as the pre-petition liens currently held by the Secured Creditor; (b) maintaining and continuing insurance on the inventory and other assets; and (c) continuing to operate business and generating replacement collateral.

Debtor asserts that the foregoing will adequately protect the interest of the Secured Creditor in the cash collateral.

The court should grant the motion of the Debtor authorizing the use of cash collateral. Debtor has an immediate need to use cash collateral in which the Secured Creditor claims an interest. Debtors use of cash collateral during the pendency of this case poses a minimal risk to the interest of the Secured Creditor. The Secured Creditor will be adequately protected by the granting of a post petition lien with the same status, dignity and priority as existed in the cash collateral prior to the filing of the debtors petition, by the carrying of insurance on all of the assets of the enterprise, and by continuing to operate and generate replacement cash collateral.

Debtor requests an order authorizing interim and final use of cash collateral so that the Debtor may meet the ordinary expenses of operation in the debtors business, in accordance with budget and cash flow projections attached to the Debtors declaration.

## CONCLUSION

For the foregoing reasons, the court should approve the Debtors request for an expedited hearing, approve the debtors request for the interim use of cash collateral, and approve the use of cash collateral, and offer of adequate protection.

Respectfully Submitted,

Dated: June 22, 2009          By:___/e/ *James T. Anderson*___

Law Office of James T. Anderson
James T. Anderson
Attorney Regis. No.: 0388199
17736 Excelsior Boulevard
Minnetonka, Minnesota 55345
Telephone: (952) 356-6470
Facsimile: (952) 223-6348

**Attorneys for Prairie Wild Enterprises, Inc.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                    Bankruptcy Case No. 09-34220
                                                                              Chapter 11 Case

Prairie Wild Enterprises Inc.

       Debtor.

## UNSWORN CERTIFICATE OF SERVICE

      I, James T. Anderson, of the Law Office of James T. Anderson, 17736 Excelsior Boulevard, Minnetonka MN 55345, declare under penalty of perjury that on the 22nd day of June, 2009, a copy of the**, Notice of Hearings and Motions for Interim and Final Orders Authorizing Use of Cash Collateral, and for Expedited Hearing on Interim Order, Unsworn Declaration of Debtor, Memorandum of Law and Proposed Interim Order,** was sent via e-notice by U.S. Bankruptcy Court to the following:

U.S. Trustee                                                        ustpregion12.mn.ecf@usdoj.gov

Sarah J. Wencil                                                    Sarah.J.Wencil@usdoj.gov

And a copy of the same was sent by facsimile to:

Gerald R. Boulton Esq.
(Attorneys for Co-Op Credit Union)                    (507)-223-7501

And a copy of the same was sent to the following:

See attached service list.

Executed on: June 22, 2009.

                                                                             **/e/ James T. Anderson**
                                                                             James T. Anderson

SERVICE LIST
Prairie Wild Enterprises Inc.
Bankruptcy No. 09-34220
Chapter 11 Case

Minnesota Department of
Revenue Collections Division
332 Minnesota St.
St. Paul, MN 55101
**VIA U.S. MAIL AND FAX**
Fax. No. 651-297-5283

Internal Revenue Service
Wells Fargo Place
30 East 7th St. Mail Stop 7500
St. Paul, MN 55101
**VIA U.S. MAIL AND FAX**
Fax No. 651-312-7970

First Independent Bank
105 S. Market Street
Marshall, MN 56258
**VIA U.S. MAIL AND FAX**
Fax. No. 507-532-9529

Minnesota Department Of Revenue
600 North Roberts Street
St. Paul, MN 55146
**VIA U.S. MAIL**

World Perks Visa
US Bank
PO Box 790409
St. Louis, MO 63179
**VIA U.S. MAIL**

Discover
P.O. Box 30943
Salt Lake City, UT 84130
**VIA U.S. MAIL**

World Perks Visa
US Bank
PO Box 790409
St. Louis, MO 63179
**VIA U.S. MAIL**

MBNA America
1100 King St
Wilmington, DE 19884
**VIA U.S. MAIL**

Lyon County
607 West Main Street
Marshall, MN 56258
**VIA U.S. MAIL AND FAX**
Fax No. (507) 537-6091

Wells Fargo
PO Box 6426
Carol Stream, IL 60197
**VIA U.S. MAIL**

Co-Op Credit Union of Montevideo
2407 East Hwy 7
Montevideo, MN 56265
**VIA U.S. MAIL**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In Re:   Prairie Wild Enterprises Inc.

          Bky. No. 09-34220
          Chapter 11 case

      Debtor.

---

### INTERIM ORDER AUTHORIZING THE USE OF CASH COLLATERAL

---

This matter came on for preliminary hearing on June 25, 2009, on Debtor's Motion for Expedited Hearing for Interim and Final Orders Authorizing the Use of Cash Collateral. Appearances are as noted in the record. Based upon the pleadings, testimony and arguments of counsel,

**IT IS HEREBY ORDERED:**

1. Debtor's Motion for expedited Relief is hereby granted;

2. Debtor's Motion to Use Cash Collateral is granted;

3. Debtor is authorized to use such cash collateral, pending final hearing, in the amounts and for the items set forth in Exhibit 3-A, attached to Debtor's Declaration;

4. Co-Op Credit Union of Montevideo is hereby granted replacement liens in cash collateral, having the same priority as such liens may have had pre-petition

Dated:_____                                  _____

                                                                       Judge, United States Bankruptcy Court